IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK DIRTON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-11-2154 |
| SGT. BOWMAN, *et al*. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Pending are the unopposed Motions to Dismiss or for Summary Judgment filed on behalf of Defendants in the above-captioned case. ECF No. 15 and 21. Plaintiff was advised of his right to file an opposition to each motion, but failed to do so. ECF No. 16 and 22. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motions, construed as motions for summary judgment, shall be granted and judgment shall be entered in favor of Defendants.

### Background

Plaintiff Derrick Dirton ("Dirton"), a prisoner who at all times relevant to the complaint was incarcerated at Western Correctional Institution (WCI), alleges he was assaulted by Sgt. Bowman on June 7, 2011. ECF No. 1 at p. 3. Dirton states he was assigned to C-Tier, Housing Unit 2, Cell 32 on the date in question. He claims Bowman came to his cell door and told him that Officer Mallow had reported that he had his cell window blocked and Mallow could not see into the cell. Dirton responded to Bowman that "he was fine" and walked to the back of his cell. Bowman then ordered the cell door opened and came "charging" into Dirton's cell, threw him to the floor, and pushed his face into the floor causing his teeth to break off and chip. *Id*. Once Dirton was face-down on the floor, Bowman and another officer began twisting Dirton's arms and bending them back as they were putting handcuffs on him. *Id*. at p. 5. Dirton claims the side of his face was swollen and his wrist hurt badly.

Dirton claims he was taken to the medical room but denied treatment by the nurse on staff, Steve Bray.  Dirton states his clothes were cut off him while he remained handcuffed, but Bray said nothing was wrong with Dirton's teeth, which were broken in half.  Dirton alleges Bray also ignored the fact that his face and wrist were swollen.  *Id.*  In addition, Dirton claims his need for psychological treatment was ignored.  He claims Bruce Liller, psychologist in charge of the Special Needs Houing Unit (SNU) was deliberately indifferent because he failed to visit him.  Dirton states Defendants acted with deliberate indifference when they assigned him to C-tier, where Death Row inmates cleaned the tier as this proved detrimental to his mental health.  Plaintiff seeks a transfer to another prison as well as monetary damages.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to….the nonmovant, and draw all

2

inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Excessive Force

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkens v. Gaddy*, __ U.S. __, __, 130 S. Ct. 1175, 1178 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.*

Dirton's allegations of excessive force by Sgt. Bowman are currently the subject of an investigation by the Internal Investigative Unit (IIU). ECF No. 15 at Ex. 1 and 2, p. 2. Dirton received a Notice of Inmate Rule Violation and Disciplinary Hearing form on June 7, 2011,

because he was seen striking another inmate " in the side of the face with a clenched right fist" while in the C-Tier day room. *Id.* at Ex. 4. Dirton was subsequently found guilty of violating Rule 102.[1] *Id.* at Ex. 5, p. 2. He was sentenced to 150 days of segregation. *Id.* at p. 4. Notwithstanding the current ongoing IIU investigation into Dirton's claims against him, Bowman states he did not assault Dirton "on June 7, 2011 or at any other time." *Id* at Ex. 6. To the extent Dirton relies on the injury to his hand as evidence that he was assaulted, the records belie that assertion. On June 1, and 3, 2011, Dirton submitted a sick call slip stating that his right hand was causing him pain and that he had been "suffering for months now." ECF No. 21 at Ex. C, pp. 1 – 3. Dirton reiterated the onset of pain in his right hand preceded the June 7, 2011 incident in another sick call slip dated June 8, 2011, one day after his attack on a fellow inmate. *Id.* Dirton has failed to refute Bowman's denial; therefore, Bowman is entitled to summary judgment in his favor.

### Deliberate Indifference to Medical and Psychological Needs

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed

---

[1] Rule 102 prohibits assault or batter on an inmate. DCD 105-4, App. 1, p. 2.

to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown* 240 F. 3d at 390; *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference". *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth

Amendment liability is not present. *Id.* at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

Dirton was examined by R.N. Steven Bray on June 7, 2011, during a controlled escort. ECF No. 15 at Ex. 7, p.1, ECF No. 21 at Ex. B. At that time Bray observed that Dirton was alert and oriented and had no injuries.[2] ECF No. 15 at Ex. 7, p. 1. Although a sick call slip dated June 7, 2011, was sent in by Dirton, it was not received in the medical department until June 11, 2011. ECF No. 21 at Ex. B, p. 2. On June 14, 2011, Dirton was again examined by Bray for his complaint of bilateral wrist pain and numbness in his right hand which Dirton attributed to being handcuffed. ECF No. 15 at Ex. 7, p. 3; ECF No. 21 at Ex. B, p. 2. Bray found no "swelling or deformity" in Dirton's wrist and noted he had a full range of motion (FROM) in his fingers. ECF No. 15 at Ex. 7, p. 3. He advised Dirton to submit a sick call slip if the symptoms did not subside.

On June 17, 2011, Dirton had complained about his right hand hurting, a chronic condition for which he has been prescribed Neurontin. ECF No. 21 at Ex. C, pp. 1 –3. He could not, however, be seen by Bray, who came to his cell to examine him, because Dirton covered his window and "refused to answer officers" for the sick call. ECF No. 15 at Ex. 7, p. 5. On June 21, 2011, R.N. Carla Buck examined Dirton for his complaint of pain in his right hand. ECF No. 15 at Ex. 7, p.6; ECF No. 21 at Ex. C pp. 15, 16, 18, 20 and 21. Dirton claimed his hand pain began two weeks before the exam, after he was in a fight. ECF No. 15 at Ex. 7, p. 6. During the June 21, 2011 examination, some swelling in the right hand was noted, but there was "no gross deformity" seen. *Id.* Buck referred Dirton to the medical care provider for possible x-rays of his hand. ECF No. 21 at Ex. C pp. 15, 16, 18, 20 and 21.

---

[2] In his affidavit Bray states Dirton's visit followed "an altercation with correctional officers." ECF No. 21 at Ex. B, p. 2. There is no other notation in the record that Dirton was involved in an altercation with officers and it is unclear why Bray included that statement in his affidavit.

On June 23, 2011, Dirton was seen by Physicians Assistant (P.A.) Flury who evaluated Dirton's right hand pain and ordered x-rays. The x-rays, taken on June 28, 2011, showed no evidence of bony injuries or acute disease. ECF No. 21 at Ex. C, pp. 22 – 24. Dirton continued to receive care for the complaint of pain in his right hand which included pain medications, a splint, and exercises. *Id*. Thus, there is no indication in the record that Dirton's complaint of pain in his hand was not treated.

With respect to Dirton's claim regarding his teeth being broken in half during a use of force incident, there is no objective evidence that his teeth were in fact broken. The day after the alleged incident Dirton submitted a sick call slip stating he was experiencing pain in one tooth on the right side of his mouth while eating. ECF No. 21 at Ex. B, p. 6; Ex. C pp. 7 – 8, 12, and 16 – 17. Despite his request for care, Dirton refused to attend his dental appointment on June 17, 2011. *Id*. All other submissions by Dirton regarding dental care relate to requests to have his teeth cleaned. *Id*. Thus, Bray is entitled to summary judgment.

There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). A prisoner is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id.* The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id.* at 48.

Defendant Bruce Liller, Chief of Psychology, denies that Dirton reported an assault by Bowman or any other correctional staff.  ECF No. 15 at Ex. 8.  Dirton currently receives psychopharmological treatment through Psychiatry and psychotherapy/crisis intervention treatment through the Psychology Department.  *Id.*  To the extent Dirton's claim states his preference for confinement in a different facility where he can receive more intensive care, the undisputed evidence establishes that there is no medical necessity for the type of psychological care he desires.  Thus, Defendants are entitled to summary judgment on this claim.

The undisputed record establishes that Defendants are entitled to summary judgment in their favor.  A separate Order follows.


<u>February 10, 2012</u>                                          _____/s/_____
Date                                                                               RICHARD D. BENNETT
                                                                                   UNITED STATES DISTRICT JUDGE